UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>GAC STORAGE LANSING, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 11-40944<br><br>The Honorable Jacqueline P. Cox |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| Name of Applicant: | Shaw Fishman Glantz & Towbin LLC |
|---|---|
| Authorized to Provide Professional Services to: | GAC Storage Lansing, LLC |
| Date of Order Authorizing Employment: | November 17, 2011, as modified by an order dated March 20, 2012 (Docket Nos. 67, 262) |
| Period for Which Compensation is Sought: | November 1, 2012 through and including August 6, 2013 |
| Amount of Fees Sought: | $106,260.00 |
| Amount of Expense Reimbursement Sought: | $2,469.52 |
| This is a(n): | ☐ Interim Application       ☒ Final Application |

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested | Total Allowed | Amount Withheld |
|---|---|---|---|---|
| 4/5/12 | 10/7/11 to 2/29/12 | $61,725.00 (fees) $2,245.27 (expenses) | $61,725.00 (fees) $2,245.27 (expenses) | $0.00 |
| 7/12/12 | 3/1/12 to 6/30/12 | $33,741.00 (fees) $497.32 (expenses) | $33,741.00 (fees) $497.32 (expenses) | $0.00 |

{10242-001 MSC A0351712.DOC}

| 12/4/12 | 7/1/12 to 10/31/12 | $35,504.00 (fees) $2,042.84 (expenses) | $34,520.75 (fees) $948.91 (expenses)** | $0.00 |
|---|---|---|---|---|
| ** Reduced allowed amounts were based on reallocation of portion of fees and expenses to related debtors, rather than any reduction ordered by the Court. | | | | |
| The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred during the Application Period:   $0.00 | | | | |

Applicant:             Shaw Fishman Glantz & Towbin LLC

Date:   August 6, 2013          By:  ___/s/ *Gordon E. Gouveia*_____

{10242-001 MSC A0351712.DOC}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>GAC STORAGE LANSING, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 11-40944<br><br>The Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **August 27, 2013, at 9:30 a.m.**, we shall appear before the Honorable Jacqueline P. Cox, Courtroom 680, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, to present the **FOURTH AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**, a copy of which is attached hereto.

Dated: August 6, 2013

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

By: _/s/ Gordon E. Gouveia_

Robert M. Fishman (#3124316)
Gordon E. Gouveia (#6282986)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Tel: (312) 980-3816
Fax: (312) 980-3888
rfishman@shawfishman.com
ggouveia@shawfishman.com

## CERTIFICATE OF SERVICE

Gordon E. Gouveia, an attorney, hereby certifies that he caused a true copy of the foregoing **NOTICE OF MOTION** and attached **FOURTH AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** to be served upon the attached Service List, as indicated below, on this 6th day of August, 2013.

/s/ Gordon E. Gouveia

## SERVICE LIST

### E-mail via CM/ECF Notice System

- Leslie Allen Bayles leslie.bayles@bryancave.com
- Leslie Allen Bayles leslie.bayles@bryancave.com
- Aaron Davis aaron.davis@bryancave.com, CHDocketing@bryancave.com;kathryn.flaherty@bryancave.com;thomas.schell@bryancave.com
- David R Doyle ddoyle@shawfishman.com
- Robert M Fishman rfishman@shawfishman.com
- Gordon E. Gouveia ggouveia@shawfishman.com, mwestbrook@shawfishman.com
- Karen Jeffreys kjeffreys@schwartz-lawyer.com
- Ryan O. Lawlor Ryan.Lawlor@bryancave.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Elizabeth Gayle Peterson epeterson@fslc.com, docket@fslc.com;bkdocket@fslc.com
- Mark L Radtke mradtke@shawfishman.com, bharrington@shawfishman.com
- N. Neville Reid nreid@fslc.com, bkdocket@fslc.com;kgoin@fslc.com
- Richard A. Saldinger rsaldinger@shawfishman.com, msalazar@shawfishman.com
- Ryan T Schultz rschultz@fslc.com, bkdocket@fslc.com
- Andrew R Schwartz andy@schwartz-lawyer.com, deb@schwartz-lawyer.com;kjeffreys@schwartz-lawyer.com;tjk@schwartz-lawyer.com;lawclerk@schwartz-lawyer.com
- Marylynne K Schwartz mschwartz@shawgussis.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>GAC STORAGE LANSING, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 11-40944<br><br>The Honorable Jacqueline P. Cox |

## FOURTH AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") applies to this Court pursuant to 11 U.S.C. § 330, Federal Rules of Bankruptcy Procedure 2002, and Local Bankruptcy Rule 5082-1, for the entry of an order (i) allowing $106,260.00 in compensation for approximately 280 hours of services rendered as general bankruptcy counsel to GAC Storage Lansing, LLC ("GAC Lansing"), and $2,469.52 for reimbursement of actual and necessary expenses incurred by Shaw Fishman in connection with such services, for the period beginning November 1, 2012 through and including August 6, 2013; (ii) modifying and reaffirming the Court's previous orders authorizing the interim allowance and payment of fees and expenses to Shaw Fishman; and (iii) authorizing and directing payment of Shaw Fishman's allowed fees and expenses from the Retainer (defined below) and, as to the remainder, by GAC Lansing from available cash collateral (the "Final Application"). In support of this Final Application, Shaw Fishman states as follows:

### Jurisdiction and Venue

1.     On October 7, 2011 (the "Petition Date"), GAC Lansing filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned case.

{10242-001 MOT A0351714.DOC}

Between the Petition Date and July 25, 2013, when GAC Lansing sold substantially all of its assets including the storage facility located in Lansing, Illinois, GAC Lansing remained in possession of its assets and continued to operate its business as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. GAC Lansing has all of the rights and powers of a trustee in bankruptcy pursuant to 11 U.S.C. § 1107(a).

2.　This Court has jurisdiction to hear this Final Application and to enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3.　On November 17, 2011, the Court entered orders authorizing GAC Lansing to employ, Bernstein, Shur, Sawyer & Nelson, P.A. as lead bankruptcy counsel and Shaw Fishman as local counsel. On March 20, 2012, the Court entered an order modifying these retention orders to provide for Shaw Fishman's change from local to lead counsel, effective retroactively from January 1, 2012.[1] The orders authorizing GAC Lansing to employ Shaw Fishman are hereinafter referred to collectively as the "Shaw Fishman Retention Orders."[2]

4.　As of the Petition Date, Shaw Fishman was holding an advance payment retainer of $35,083.00 from GAC Lansing. Shaw Fishman's retainer has been supplemented from time to time through cash collateral budgets that were agreed to by GAC Lansing's prepetition lender, Branch Banking & Trust Company ("BBT"). In addition, upon the Court's approval of prior,

---

[1] Shaw Fishman was also retained as counsel for several debtors in related chapter 11 cases, but all of those cases have been dismissed and are not the subject of this Final Application.

[2] On October 8, 2012, Shaw Fishman changed its name from "Shaw Gussis Fishman Glantz Wolfson & Towbin LLC" to "Shaw Fishman Glantz & Towbin LLC." The Shaw Fishman Retention Orders refer to the former name.

interim fee applications, Shaw Fishman has applied a portion of the retainer to satisfy interim fee and expense awards. Shaw Fishman is currently holding a retainer of $96,350.10 (the "Retainer") for GAC Lansing, which will cover a substantial portion of this final compensation and expense reimbursement request. In addition, pursuant to a settlement agreement between GAC Lansing and BBT, $50,000 of the proceeds from the sale of GAC Lansing's storage facility were carved out and disbursed to GAC Lansing's debtor in possession account for payment of Shaw Fishman's allowed fees and expenses in excess of the Retainer and other administrative expense claims.[3]

5.   Shaw Fishman has filed three interim fee applications that have been approved by the Court. On April 26, 2012, the Court entered the *Order Approving First Interim Fee Application of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC* (Docket No. 322), which allowed and authorized payment of Shaw Fishman's fees and expenses in the amount of $61,725.00 and $2,245.27, respectively, for GAC Lansing for the period of October 8, 2011, through February 29, 2012. On August 8, 2012, the Court entered the *Order Approving Second Interim Fee Application of Shaw Gussis Fishman Glantz Wolfson & Towbin LLC* (Docket No. 516) (the "Second Interim Order"), which allowed and authorized payment of Shaw Fishman's fees and expenses in the amount of $33,741.00 and $497.32, respectively, for GAC Lansing for the period of March 1, 2012, through June 30, 2012. On December 18, 2012, the Court entered the *Order Approving Third Interim Fee Application of Shaw Fishman Glantz & Towbin LLC* (Docket No. 753), which allowed and authorized payment of Shaw Fishman's fees and expenses

---

[3] Certain proceeds from the sale were also carved out for payments to priority and non-priority unsecured creditors in accordance with the Court-approved Settlement Agreement between GAC Lansing and BB&T. Any remaining funds in GAC Lansing's debtor in possession account after the disbursement of approved creditor payments will be disbursed to secured creditor, BB&T.

in the amount of $34,520.75 and $948.91, respectively, for GAC Lansing for the period of July 1, 2012, through October 31, 2012.

6. After the entry of the Order approving Shaw Fishman's second interim fee application, it was determined that certain time entries were improperly allocated to GAC Lansing versus other related debtors. Therefore, Shaw Fishman has agreed with BBT to reduce the fee award in the Second Interim Order by $4,500.00. Shaw Fishman will apply this amount as a credit against its final request for payment from GAC Lansing based on this Final Application.

7. By this Final Application, Shaw Fishman requests an order (i) allowing $106,260.00 in compensation for approximately 280 hours of legal services rendered as general bankruptcy counsel to GAC Lansing, and $2,469.52 for reimbursement of actual and necessary expenses incurred by Shaw Fishman in connection with such services, for the period beginning November 1, 2012 through and including August 6, 2013 (the "Application Period"); (ii) modifying and reaffirming the Court's previous orders authorizing the interim allowance and payment of fees and expenses to Shaw Fishman with the aforementioned $4,500.00 reduction of fees awarded in the Second Interim Order; and (iii) authorizing and directing payment of Shaw Fishman's allowed fees and expenses from the Retainer and, as to the remainder, by GAC Lansing from available cash collateral.

### Services Rendered by Shaw Fishman on behalf of GAC Lansing

8. During the Application Period, Shaw Fishman rendered 279.7 hours of legal and paraprofessional services to GAC Lansing having a value of $106,260.00. Shaw Fishman provided professional services to GAC Lansing that were consistent in scope with the services authorized by the Shaw Fishman Retention Orders. All of the services for which compensation

is requested were services which, in the exercise of Shaw Fishman's reasonable billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

9. In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its services into ten (10) separate categories of services as follows:

| **Category of Service** | **Time Spent (hours)** | **Amount of Fees** |
|---|---|---|
| BB&T Settlement | 18.6 | $9,004.00 |
| Business Issues | 0.5 | $185.00 |
| Case Administration | 6.3 | $2,313.00 |
| Cash Collateral | 5.5 | $1,985.00 |
| Creditors and Claims | 2.8 | $759.00 |
| Pre-petition Litigation | 0.3 | $109.00 |
| Retention/Fee Applications | 25.0 | $8,831.50 |
| Sale of Assets | 201.1 | $75,868.00 |
| Stay Relief Issues | 3.3 | $1,207.00 |
| Tax Issues | 16.3 | $5,998.50 |
| **TOTALS:** | **279.7** | **$106,260.00** |

10. A detailed invoice (the "Invoice") for services rendered and expenses incurred for GAC Lansing is attached hereto as <u>Exhibit A</u>. The Invoice provides detailed descriptions of all services rendered in each of the above categories and the timekeeper, date and amount of time expended in each category. The following is a separate description of each of the Shaw Fishman categories, which generally describes the tasks performed.[4]

### BB&T Settlement

11. Shaw Fishman provided 18.6 hours of professional services having a value of $9,004.00 in connection with GAC Lansing's settlement with BB&T. Services rendered by Shaw Fishman in this category generally included, among other things: (i) negotiating with counsel for BB&T regarding the terms of the settlement; (ii) drafting the settlement agreement with BB&T; (iii) communicating with GAC Lansing's representatives regarding settlement negotiations with BB&T and the terms of the settlement agreement; and (iv) drafting, filing and presenting a motion for court approval of the settlement agreement.

### Case Administration

12. Shaw Fishman provided 6.3 hours of professional services having a value of $2,313.00 in connection with case administration for GAC Lansing. Services rendered by Shaw Fishman in this category generally included, among other things: (i) reviewing, filing and serving monthly operating reports and United States Trustee quarterly fee statements; and (ii) coordinating the structured dismissal process and final disbursements to creditors.

### Cash Collateral

13. Shaw Fishman provided 5.5 hours of professional services having a value of $1,985.00 in connection with GAC Lansing's use of cash collateral. Shaw Fishman's services in

---

[4] The Final Application does not describe categories with less than $1,000 in fees. The Invoice sets forth detailed information about these categories.

this category included, among other things: (i) preparing, negotiating, and filing extensions of final cash collateral orders and budgets; and (ii) communicating with debtor representatives and counsel for BB&T regarding cash collateral orders and budgets, variance reports, and adequate protection payments.

### Retention/Fee Applications

14. Shaw Fishman provided 25.0 hours of professional services having a value of $8,831.50 in connection with retention orders and fee applications. Shaw Fishman's services in this category included, among other things: (i) preparing a motion to modify the order employing the Law Offices of Smith, Hemmesch, Burke & Kaczynski to include the prosecution of a 2012 property tax appeal and to approve a contingency fee arrangement, as well as attending the hearing on the motion; (ii) preparing and filing Shaw Fishman's third interim fee application and attending the hearing on the application, and (iii) preparing, filing and presenting a retention application for Marcus & Millichap Real Estate Investment Services ("Marcus & Millichap") to provide brokerage services in connection with the sale of GAC Lansing's storage facility.

### Sale of Assets

15. Shaw Fishman provided 201.1 hours of professional services having a value of $75,868.00 in connection with the sale of Lansing's property and post-closing matters. Shaw Fishman's services in this category included, among other things: (i) participating in meetings and teleconferences regarding the sale process, retention of Marcus & Millichap, listing issues, and tax issues affecting the sale of the property; (ii) negotiating sale procedures with Marcus & Millichap and BB&T; (iii) reviewing and editing sale documents, including an offering memorandum, form letter of intent, and asset purchase agreement; (iv) drafting, filing and presenting a motion to approve the sale; (v) serving notices on creditors regarding the sale and

assumption of storage unit leases; (vi) overseeing the bidding process and participating in the selection of qualifying and prevailing bids; (vii) negotiating the asset purchase agreement with the buyer; (viii) addressing various due diligence issues between GAC Lansing and the buyer; (ix) responding to tenant inquiries regarding the sale; (x) negotiating an extension of the due diligence period and amendment to the asset purchase agreement; (xi) drafting closing documents and dealing with myriad issues (including countless communications and teleconferences with the buyer and the title company) leading up to closing on the sale of GAC Lansing's storage facility; (xii) participating in the closing; and (xiii) dealing with various post-closing issues. The sale process occurred throughout the nine (9) month application period and involved several series of negotiations with multiple parties and numerous complex issues. The sale process was ultimately successful, as the sale process generated a purchase price of $3,425,000 and will provide significant recoveries for GAC Lansing's creditors. Shaw Fishman submits that its legal services in connection with the sale were reasonable and necessary in light of the size and complexities of the sale, and that Shaw Fishman was instrumental in achieving a favorable result for GAC Lansing's estate.

### Stay Relief

16.   Shaw Fishman provided 3.3 hours of professional services having a value of $1,207.00 in connection with various stay relief issues. Shaw Fishman's services in this category included preparing for and attending several status hearings on BB&T's stay relief motion.

### Tax Issues

17.   Shaw Fishman provided 16.3 hours of professional services having a value of $5,998.50 in connection with tax issues. Shaw Fishman's services in this category included,

among other things: (i) conferring with tax attorneys from the Law Offices of Smith, Hemmesch, Burke & Kaczynski regarding the 2012 property tax appeal and issues surrounding omitted assessments and potential back taxes; (ii) teleconferences, email correspondence and meeting with representatives of Chicago Title regarding omitted assessments, potential back taxes and a possible tax indemnity escrow agreement in connection with the sale; (iii) communication with debtor representative and counsel for BB&T regarding the status of tax appeals and resolution of potential back tax liabilities; and (iv) negotiating, drafting and obtaining court approval of a stipulation and agreed order resolving the Cook County Treasurer's actual and potential claims against GAC Lansing's property.

### Summary of Services Rendered By Professional

18.   In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate[5] | Hours | Amount |
|---|---|---|---|---|
| Robert M. Fishman | Member | $650.00/675.00 | 10.1 | $6,777.50 |
| David S. Horwitch | Member | $440.00 | 63.4 | $27,896.00 |
| Allen J. Guon | Member | $415.00 | 9.6 | $3,984.00 |
| Gordon E. Gouveia | Member | $350.00/370.00 | 167.3 | $61,389.00 |
| David R. Doyle | Associate | $265.00/290.00 | 5.5 | $1,467.50 |
| Melissa A. Westbrook | Paralegal | $190.00/200.00 | 15.2 | $3,026.00 |
| Patricia M. Fredericks | Paralegal | $200.00 | 8.6 | $1,720.00 |
| **Totals** | | | **279.7** | **$106,260.00** |

---

[5] Shaw Fishman's billing rates were increased during the Application Period, as indicated for the relevant professionals.

19. The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise. Further, the amount of time spent by Shaw Fishman is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel and the ultimate benefit to GAC Lansing's estates.

20. Whenever possible, Shaw Fishman has conscientiously attempted to avoid having multiple attorneys appear or confer on the same issue. In certain circumstances, however, it was necessary for more than one Shaw Fishman attorney to attend a meeting or participate in a conference call to strategize on issues that had particular import on multiple areas of GAC Lansing's case and the sale process in particular. To the greatest extent possible, meetings, court appearances, negotiations and other matters were handled on an individual basis.

21. Many of the issues presented by these cases have been legally and factually complex and the amounts at stake significant. The results of Shaw Fishman's efforts in this regard have inured to the benefit of GAC Lansing's estates. Given the criteria set forth in 11 U.S.C. § 330, namely (a) the nature, extent and value of the services; (b) the time spent; (c) the rates charged for such services; (d) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the requested interim compensation represents a fair and reasonable amount and should be allowed in full.

## Expenses

22.     The aggregate amount of expenses for which reimbursement is sought is $2,469.52. Itemization of the expenses are set forth in the Invoice attached hereto as <u>Exhibit A</u>. *Id.* at p. 31-32. Shaw Fishman customarily recoups these types of expenses from its clients, including the following, as applicable:

| Internal Photocopy | 10¢ per page |
| --- | --- |
| Conference Calls | actual cost |
| Commercial Photocopy | actual cost |
| Commercial Messenger | actual cost |
| Federal Express | actual cost |
| Pacer | actual cost |
| Postage | actual cost |
| Parking/Taxis | actual cost |
| Mileage | actual cost |
| Miscellaneous | actual cost |
| Transcripts | actual cost |
| Transportation | actual cost |
| Westlaw | actual cost |
| Working Meals | actual cost |

23.     All expenses incurred by Shaw Fishman were customary and necessary and billed in the same manner as Shaw Fishman bills non-bankruptcy clients. Further, the expenses constitute the types and amounts previously allowed by bankruptcy judges in this and other judicial districts.

## Compliance with 11 U.S.C. § 504

24.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing or division of any compensation paid or payable to Shaw Fishman.

## Notice

25.     Twenty-one (21) days' notice of this Final Application was provided to GAC Lansing, the Office of the United States Trustee and all parties requesting notice in these cases.

{10242-001 MOT A0351714.DOC}                                11

All creditors with filed or scheduled claims in GAC Lansing's case were provided with a notice of the filing of this Final Application. Accordingly, Shaw Fishman requests that this Court find the notice provided for herein sufficient and waive other and further notice.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a) Approves the form and manner of notice of this Final Application and waives other and further notice of the hearing with respect to this Final Application;

(b) Modifies the Second Interim Order by reducing the fee award $4,500.00 and otherwise reaffirms the fees and expenses awarded in prior interim orders;

(c) Allows Shaw Fishman $106,260.00 in compensation for services provided during the Application Period;

(d) Allows Shaw Fishman $2,469.52 in expense reimbursement for costs incurred during the Application Period;

(e) Authorizes Shaw Fishman to draw down on the Retainer to pay allowed fees and expenses;

(f) Authorizes and directs GAC Lansing to pay Shaw Fishman the remaining amount of allowed fees and expenses, less the $4,500.00 credit related to the Second Interim Order – a total of $7,879.42 – from GAC Lansing's debtor in possession account; and

(g) Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Dated: August 6, 2013

Robert M. Fishman (#3124316)
Gordon E. Gouveia (#6282986)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Tel: (312) 980-3805
Fax: (312) 980-3888
rfishman@shawfishman.com
ggouveia@shawfishman.com

Respectfully submitted,

Shaw Fishman Glantz & Towbin LLC

By: */s/ Gordon E. Gouveia*